Electronically Filed
10/16/2020 11:12 AM
Steven D. Grierson
CLERK OF THE COURT

COMP
SHAWN D. JOHNSON, ESQ.
Nevada Bar No. 14552
**EDWARD M. BERNSTEIN & ASSOCIATES**
500 South Fourth Street
Las Vegas, Nevada 89101
Tel.:   (702) 471-5705
Fax:   (702) 385-4640
E-Mail: sjohnson@edbernstein.com
*Attorney for Plaintiff*

CASE NO: A-20-823175-C
Department 26

### DISTRICT COURT
### CLARK COUNTY, NEVADA
\*\*\*

| | |
|---|---|
| JESSE J. LUEVANOS, JR., an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CARDENAS MARKETS LLC, a Foreign Limited-Liability Company; DOES I through X; and ROE CORPORATIONS XI through XX, inclusive,<br><br>Defendants. | CASE NO.:<br>DEPT. NO.: |

### COMPLAINT

COMES NOW, Plaintiff, JESSE J. LUEVANOS, JR., by and through his attorney, SHAWN D. JOHNSON, ESQ., of the law firm of EDWARD M. BERNSTEIN & ASSOCIATES, and for his causes of action against Defendant, alleges as follows:

### PARTIES

1.  Plaintiff, JESSE J. LUEVANOS, JR. ("Plaintiff"), is, and at all times herein mentioned was, a resident of Henderson, Clark County, Nevada.

2.  Upon information and belief, Defendant CARDENAS MARKETS LLC ("Defendant") is a Foreign Limited-Liability Company, and at all times herein mentioned was, a Delaware Corporation, duly organized and licensed to do business in Clark County, Nevada.

/ / /

/ / /

/ / /

EDWARD M.
BERNSTEIN
& ASSOCIATES
ATTORNEYS AT LAW
500 SO. FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 240-0000

3.      The true names and capacities, whether individual, corporate, associate, co-partnership, or otherwise of Defendant DOES I through X are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each Defendant designated DOE is responsible in some manner for the offense and happenings referred to in this action and proximately caused the damages to Plaintiff as herein alleged.  The legal responsibility of said DOES I through X, arises out of, but is not limited to, their status as owners, as is their maintenance of the relevant premises at the time of the accident referred to in this Complaint, and/or their agency, master/servant or joint venturer relationship with said Defendants.  Plaintiff will request leave of Court to amend this Complaint to insert the true names and capacities of said Defendants when the same have been ascertained, to join such Defendants in this action and to assert the appropriate allegations.

4.      The true names and capacities, whether individual, corporate, associate, co-partnership, or otherwise of Defendant ROE CORPORATIONS XI through XX are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each Defendant designated ROE CORPORATION is responsible in some manner for the offense and happenings referred to in this action and proximately caused the damages to Plaintiff as herein alleged. The legal responsibility of said ROE CORPORATIONS XI through XX, arises out of, but is not limited to, their status as owners, as is their maintenance and/or entrustment of the subject premises at the time of the accident referred to in this Complaint, and/or their agency, master/servant or joint venture relationship with said Defendants. Plaintiff will request leave of Court to amend this Complaint to insert the true names and capacities of said Defendants when the same have been ascertained, to join such Defendants in this action and to assert the appropriate allegations.

## JURISDICTION AND VENUE

5.      Plaintiff repeats and re-alleges, each and every allegation set forth in Paragraphs 1 through 4 of this Complaint, as though the same were fully set forth herein.

6.      The Court has subject-matter jurisdiction pursuant to Article 6 section 6 of the Nevada State Constitution and NRS 3.010.

## FACTS COMMON TO ALL CLAIMS

7.      Plaintiff repeats and re-alleges, each and every allegation set forth in Paragraphs 1 through 6 of this Complaint, as though the same were fully set forth herein.

EDWARD M.
BERNSTEIN
& ASSOCIATES
ATTORNEYS AT LAW
500 SO. FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 240-0000

8. At all times mentioned herein, Defendant, owned, operated, maintained and/or controlled a property commonly referred to as CARDNEAS MARKET, located at 4500 East Tropicana Avenue, Las Vegas, Clark County, Nevada.

9. At all times mentioned herein, Defendant was responsible for the maintenance and care of said premises, which included but is not limited to the space around the checkout registers.

10. On or about January 8, 2019, Plaintiff was a guest and invitee on the property of Defendant and was lawfully on and within said premises.

11. On said date and at said place, Plaintiff was walking through the CARDENAS MARKET near the checkout registers in Las Vegas, Clark County, Nevada.

12. On said date and at said place, liquid had been spilled on the ground.

13. On said date and at said place, Plaintiff slipped and fell on the spilt liquid in Defendant's property, causing Plaintiff injury.

## FIRST CAUSE OF ACTION
(Negligence)

14. Plaintiff repeats and re-alleges, each and every allegation set forth in Paragraphs 1 through 13 of this Complaint, a though the same were fully set forth herein.

15. On said date and at said place, Defendant was negligent in creating a hazard that presented a danger of injury to its invitees.

16. Defendant owed Plaintiff the duty to maintain the premises and keep it safe and free of hazards.

17. Defendant breached the duty it owed to Plaintiff by failing to ensure the premises was properly repaired and maintained.

18. It was the duty of Defendant to use ordinary due care and diligence to keep and maintain the premises in a condition reasonably safe for its intended guests and invitees, and to keep said premises free from all conditions which would render it dangerous and unsafe for Plaintiff or present an unreasonable risk of harm to him in his lawful use of the same.

19. It was the duty of Defendant to exercise reasonable care to protect Plaintiff from the danger of reasonably foreseeable injury occurring from his reasonable use of the premises.

/ / /

EDWARD M.
BERNSTEIN
& ASSOCIATES
ATTORNEYS AT LAW
500 SO. FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 240-0000

20. It was the duty of Defendant to have available a sufficient number of personnel and equipment, sufficiently trained to properly inspect and maintain the aforesaid premises in a condition reasonably safe for Plaintiff.

21. It was the duty of the aforesaid Defendant to warn Plaintiff of dangers and unsafe conditions rendering the premises unsafe.

22. Defendant breached this duty when it failed to maintain said premises and grounds and as a result thereof on January 8, 2019, Plaintiff, a guest and invitee on Defendant's premises, and while exercising due care and caution for his own safety, slipped and fell on the spilled liquid, thereby causing injuries to Plaintiff.

23. Defendant knew, or should have known, of the unreasonably dangerous condition the uneven sidewalk created, therefore creating a foreseeable risk of harm to Plaintiff and to others.

24. It was Defendant's duty to exercise reasonable care and warn and protect Plaintiff from possible injury by inspection, notification, and other affirmative acts in order to discover and correct the dangerous condition then in existence.

25. The resulting injuries to Plaintiff were caused by the negligence of Defendant.

26. Plaintiff's injuries and damages were caused solely and proximately by the negligence of Defendant.

27. As a direct and proximate result of the negligence of Defendant, Plaintiff sustained injuries and suffered great pain.

28. As a further direct and proximate result of the aforesaid negligence of Defendant, Plaintiff incurred expenses for medical care, treatment, and expenses incidental thereto for necessary treatment and Plaintiff may be required in the future to incur expenses for medical care and treatment.

29. By reason of the premises and as a direct and proximate result of said incident complained of herein, Plaintiff, has incurred injuries all or some of which conditions may be permanent and disabling in nature, aggregating to his general and compensatory damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

30. Plaintiff has had to retain the services of an attorney to prosecute this action and is entitled to reasonable attorneys' fees, costs of suit incurred herein, and interest.

/ / /

EDWARD M.
BERNSTEIN
& ASSOCIATES
ATTORNEYS AT LAW
500 SO. FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 240-0000

WHEREFORE, Plaintiff requests judgment against Defendant, as follows:

1. General and compensatory damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00);
2. Damages for costs of past, present, and future medical care and treatment and costs incidental thereto when the same have been fully ascertained;
3. Reasonable attorneys' fees, costs of suit incurred herein, and interest; and
4. For such other and further relief as the Court may deem proper in the premises.

DATED this 16 day of October, 2020.

EDWARD M. BERNSTEIN & ASSOCIATES

By: _____
SHAWN D. JOHNSON, ESQ.
Nevada Bar No. 14552
500 South Fourth Street
Las Vegas, Nevada 89101
*Attorney for Plaintiff*

5